IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ENRIQUE HERNANDEZ,

    Plaintiff,

v.                                                                                          No. 23-cv-0754-DHU-GBW

BOARD OF COUNTY COMMISSIONERS
FOR BERNALILLO COUNTY,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Motion to Dismiss filed by Defendant Board of County Commissioners for Bernalillo County (the Board). *See* Doc. 4 (Motion). Defendant seeks dismissal of Plaintiff's Prisoner Civil Complaint on the ground that it fails to state a cognizable claim under 42 U.S.C. § 1983. Having reviewed the relevant law and arguments, the Court will grant the Motion, in part, but permit Plaintiff to amend his claims.

## BACKGROUND

This case stems from Plaintiff's state criminal prosecution and pretrial detention at the Metropolitan Detention Center (MDC) in Albuquerque, New Mexico. Plaintiff was arrested for an unspecified crime on September 6, 2021. *See* Doc. 1-1 at 1. He alleges the state court failed to conduct an arraignment hearing within a reasonable time. *Id.* at 2. The state court also allegedly ordered Plaintiff to remain in pretrial custody without bond; failed to conduct a preliminary examination within 10 days as required by N.M.R.A. 5-302; failed to commence a trial within 455 days after the arraignment; and arbitrarily amended its scheduling order without an appropriate triggering event. *Id.* at 2-3.

Based on these facts, the Complaint raises claims under the U.S. Constitution for false imprisonment, misuse/abuse of process, cruel and unusual punishment, and due process violations. *See* Doc. 1-1 at 1.  Plaintiff seeks $1,700 per day of incarceration at MDC "on [state] case no. D-202-CR-2021-01866." *Id.*  The caption of the Complaint lists the Board as the Defendant. *Id*. The body of the Complaint also states that "Raul Torres/Sam Bregman and Assistants, Benet Baur and Assistants, Katrina Wilson and Assistants, Chief Judge Whitaker and Subordinate Judges, J. Ibarra, John Lovelace, and numerous unknown named employees of [the Board]" committed the above violations. *Id.*  Plaintiff originally filed the Complaint in New Mexico's Second Judicial District Court. *Id.*  On September 6, 2023, the Board removed the case based on federal-question jurisdiction and filed the instant Motion under Fed. R. Civ. P. 12(b)(6). *See* Doc. 1, 4.  Counsel for the Board served a copy of the Motion on Plaintiff at his address of record, but Plaintiff did not respond.  The matter is therefore ready for review.

**STANDARD OF REVIEW**

Under Rule 12(b)(6), the Court may dismiss a complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  Section 1915A of Title 28 also requires the Court to *sua sponte* dismiss any prison complaint against a government official if the complaint is frivolous, malicious, or fails to state a cognizable claim under Rule 12(b)(b).  *See* 28 U.S.C. § 1915A.  These rules and statutes test "the sufficiency of the allegations within the four corners of the complaint."  *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994).  When considering a Rule 12(b)(6) motion, the Court must accept as true all well-pleaded factual allegations in the complaint, view those allegations in the light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor.  *See Smith v. United States*, 561 F.3d 1090, 1097 (10th Cir. 2009), *cert. denied*, 558 U.S. 1148 (2010).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.*

Because Plaintiff is *pro se*, his "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). While *pro se* pleadings are judged by the same legal standards as others, the Court can overlook the "failure to cite proper legal authority, … confusion of various legal theories, …, or … unfamiliarity with pleading requirements." *Id.* At the same time, however, it is not "the proper function of the district court to assume the role of advocate for the *pro se* litigant." *Id.*

## DISCUSSION

Plaintiff raises claims under the federal constitution, which are analyzed under 42 U.S.C. § 1983. *See Brown v. Buhman*, 822 F.3d 1151, 1161 n.9 (10th Cir. 2016) (Section 1983 is the "remedial vehicle for raising claims based on the violation of [federal] constitutional rights"). "A cause of action under Section 1983 requires the deprivation of a civil right by a 'person' acting under color of state law." *McLaughlin v. Bd. of Trustees*, 215 F.3d 1168, 1172 (10th Cir. 2000). The plaintiff must allege that each government official, through the official's own individual actions, has personally violated the Constitution. *See Trask v. Franco,* 446 F.3d 1036, 1046 (10th Cir. 1998). There must also be a connection between the official conduct and the constitutional

3

violation. *See Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008); *Trask,* 446 F.3d at 1046. "Collective allegations" regarding the violation of constitutional rights will not satisfy this standard. *Robbins v. Oklahoma*, 519 F.3d 1242, 1249-50 (10th Cir. 2008). The complaint must "make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claims against him." *Id.*

Applying these standards, the Complaint fails to state a cognizable claim against any Defendant. As to the individuals listed in the body of the Complaint, Plaintiff does not describe how each person was involved in any alleged wrongdoing. The Complaint also fails to establish the Board is liable for any wrongdoing. To establish liability of local-government entities under § 1983, "a plaintiff must show (1) the existence of a municipal custom or policy and (2) a direct causal link between the custom or policy and the violation alleged." *Jenkins v. Wood*, 81 F.3d 988, 993-94 (10th Cir. 1996). There are no facts showing the Board promulgated a policy or custom that caused any constitutional violations.

Even if Plaintiff sufficiently tied each Defendant to the alleged wrongdoing, the facts do not allege a § 1983 damages claim. Construed liberally, the Complaint raises claims under the U.S. Constitution for false imprisonment, malicious prosecution, abuse of process, and cruel and unusual punishment. False imprisonment occurs when a defendant is "intentionally confining or restraining another person without his consent and with knowledge that he has no lawful authority to do so." *Fuerschbach v. Sw. Airlines Co.*, 439 F.3d 1197, 1207 (10th Cir. 2006). The Complaint provides insufficient factual detail to demonstrate any Defendant is detaining Plaintiff without legal authority. The alleged facts instead suggest Plaintiff was ordered to remain in pretrial detention. The state criminal docket – which is subject to judicial notice – also reflects that after filing this case, Plaintiff entered into a plea agreement in state case no. D-202-CR-2021-01866.

4

*See* Plea and Disposition Agreement in D-202-CR-2021-01866; *United States v. Smalls*, 605 F.3d 765, 768 n. 2 (10th Cir. 2010) (recognizing a court may take judicial notice of docket information from another court). The state court entered Judgment in that case (*i.e.,* the case cited in the Complaint) on November 14, 2023. *See* Judgment/Sentence/Commitment in D-202-CR-2021-01866. Plaintiff has therefore not stated a cognizable claim for false imprisonment.

Any claim for malicious prosecution fails for similar reasons. Plaintiff has not shown "the original action terminated in [his] favor," which is an essential element of the claim. *See Shrum v. Cooke*, 60 F.4th 1304, 1310 (10th Cir. 2023). Plaintiff has also not shown any conduct that "would be in improper in the regular prosecution … of a claim" for purposes of his abuse of process claim. *See Mocek v. City of Albuquerque,* 813 F.3d 912, 936 (10th Cir. 2015). As to the claim for cruel and unusual punishment, none of the allegations pertain to Plaintiff's conditions or treatment at MDC. The Complaint does not allege, for example, that prison officials threatened Plaintiff's safety or deprived him of "essential food, medical care, ... [or] sanitation." *Rhodes v. Chapman*, 452 U.S. 337, 348 (1981) (addressing the objective element of a cruel and unusual punishment claim). There are also no allegations that any defendant "knew [Plaintiff] faced a substantial risk of harm [in MDC] and disregarded that risk, by failing to take reasonable measures to abate it." *Kikumura v. Osagie*, 461 F.3d 1269, 1293 (10th Cir. 2006) (addressing the subjective element).

The Court finally observes that, even if Plaintiff cured the above pleading deficiencies, any § 1983 claims challenging his state criminal proceeding may still be barred by *Heck v. Humphry*, 512 U.S. 477, 487 (1994). *Heck* requires Federal Courts to dismiss any § 1983 damages claim that, if resolved in the plaintiff's favor, would necessarily imply the invalidity of his conviction or sentence. *Id.* at 487. The only exception is where the conviction/sentence has been vacated in a post-conviction proceeding. *Id.* A finding that Defendants abused the judicial process in some

way by prosecuting Plaintiff would necessarily imply his state conviction is invalid. *See, e.g., Lawson v. Engleman,* 67 Fed. App'x 524, 526 (10th Cir. 2003) (malicious prosecution claim is barred by *Heck*). At this stage, a habeas corpus petition under 28 U.S.C. § 2254 is the proper vehicle to challenge any constitutional defects in Plaintiff's state criminal proceeding.

For each of these reasons, the Complaint fails to state a cognizable claim under 42 U.S.C. § 1983. The Court will grant the Motion, in part, and dismiss the Complaint. However, leave to amend will be granted, as *pro se* plaintiffs are ordinarily given an opportunity to remedy defects attributable to their ignorance of federal law. *See Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Plaintiff may file an amended complaint within thirty (30) days of entry of this ruling. If Plaintiff fails to timely comply or files another complaint that fails to state a cognizable § 1983 claim, the Court may dismiss the federal claims with or without prejudice.

**IT IS ORDERED** that Defendant Board of County Commissioners for Bernalillo County's Motion to Dismiss (**Doc. 4**) is **GRANTED**, **in part**; Plaintiff's Prisoner Civil Complaint (**Doc. 1-1**) is **DISMISSED without prejudice**; and Plaintiff may file an amended complaint within thirty (30) days of entry of this Order.

_____
HON. DAVID URIAS
UNITED STATES DISTRICT JUDGE