IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ENRIQUE HERNANDEZ,

    Plaintiff,

v.                                                                                 No. 23-cv-0754-DHU-GBW

BOARD OF COUNTY COMMISSIONERS
FOR BERNALILLO COUNTY,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court following Plaintiff Enrique Hernandez's failure to amend his prisoner civil rights claims as directed. Plaintiff was incarcerated when this case was filed and is proceeding *pro se*. The original Complaint (Doc. 1-1) alleges the state court failed to conduct a timely arraignment or preliminary examination following his arrest; detained Plaintiff pending trial; failed to commence a trial within 455 days after the arraignment; and arbitrarily amended its scheduling order. *See* Doc. 1-1 at 2-3. The original Complaint raises claims under the U.S. Constitution for false imprisonment, misuse/abuse of process, cruel and unusual punishment, and due process violations. *Id.* at 1. Plaintiff seeks $1,700 per day of incarceration at the Metropolitan Detention Center "on [state] case no. D-202-CR-2021-01866." *Id.* The caption of the original Complaint lists the Board of County Commissioners for Bernalillo County (the Board) as the Defendant. *Id*. The body of that pleading also states that "Raul Torres/Sam Bregman and Assistants, Benet Baur and Assistants, Katrina Wilson and Assistants, Chief Judge Whitaker and Subordinate Judges, J. Ibarra, John Lovelace, and numerous unknown named employees of [the Board]" committed violations. *Id.*

The Board filed a Motion to Dismiss the original Complaint for failure to state a cognizable

claim under Fed. R. Civ. P. 12(b)(6).  By a ruling entered May 30, 2024, the Court granted the Board's Motion, in part, and determined original Complaint also fails to state a cognizable 42 U.S.C. § 1983 claim against the remaining Defendants.  *See* Doc. 5 (Screening Ruling); *see also* 28 U.S.C. § 1915A (requiring *sua sponte* screening of prisoner claims against government officials).  The original Complaint fails to connect any individual Defendant to the alleged wrongdoing or demonstrate that the Board is responsible for a policy/custom that caused a constitutional violation.  *See Robbins v. Oklahoma*, 519 F.3d 1242, 1249-50 (10th Cir. 2008) ("Collective allegations" against a group of defendants will not satisfy the § 1983 pleading standard); *Jenkins v. Wood*, 81 F.3d 988, 993-94 (10th Cir. 1996) (A § 1983 claim against the county must "show (1) the existence of a municipal custom or policy and (2) a direct causal link between the custom or policy and the violation alleged").  The original Complaint also fails to allege facts showing false imprisonment, malicious prosecution, abuse of process, or cruel and unusual punishment in violation of the U.S. Constitution and § 1983.  *See* Doc. 5 (setting out the legal standard for each claim).

Consistent with *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), the Court *sua sponte* permitted Plaintiff to amend his claims within thirty (30) days of entry of the Screening Ruling. The Screening Ruling warns that if he fails to timely comply, the Court may dismiss this case without further notice.  The deadline to amend expired no later than July 1, 2024.  Plaintiff did not amend, show cause for such failure, or otherwise respond to the Screening Order, which was returned was undeliverable with the notation "Not in Custody."  *See* Doc. 6.  Plaintiff has not notified the Clerk of his current address, as required by D.N.M. Local Civil Rule 83.6.

Ordinarily, courts dismiss with prejudice where, as here, the prior complaint does not state

2

a federal claim, and the plaintiff fails to cure the pleading deficiency. *See, e.g., Novotny v. OSL Retail Servs. Corp.*, 2023 WL 3914017, at *1 (10th Cir. June 9, 2023) (affirming dismissal with prejudice where the district court rejected a "claim but gave him leave to amend, cautioning that failure to allege a plausible claim would result in a dismissal"). In this case, however, it appears Plaintiff did not receive the Screening Order after severing contact with the Court. The Court will therefore dismiss this case, including all claims raised in the original Complaint (Doc. 1-1), without prejudice for failure to state a cognizable claim under 28 U.S.C. § 1915A.

**IT IS ORDERED** that this case, including each claim in the original Prisoner Civil Complaint (**Doc. 1-1**), is **DISMISSED without prejudice**; and the Court will enter a separate judgment closing the civil case.

_____
UNITED STATES DISTRICT JUDGE